### MORDENTE v. NEW YORK CAB CO.

(Supreme Court, Appellate Term. March 5, 1908.)

1. MUNICIPAL CORPORATIONS—STREETS—USE AS HIGHWAYS—NEGLIGENCE—ACTIONS FOR INJURIES—EVIDENCE.

In an action against a cab company for injuries to a pedestrian at a street crossing, evidence *held* to sustain a judgment for plaintiff.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Mere failure of a pedestrian to observe an approaching cab at a street crossing does not necessarily constitute negligence on his part, where the proximate cause of the injury is the speed of the cab and failure to check its speed at a point where pedestrians are to be expected.

3. DAMAGES—EXCESSIVE DAMAGES.

Where plaintiff suffered pain during a confinement to his bed for three weeks as a result of injuries, and the doctor's bill was $41, a verdict for $300 is not excessive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 357–371.]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Antonio Mordente against the New York Cab Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Butler, Notman & Mynderse (Frederick B. Campbell and Henry S. Curtis, of counsel), for appellant.

Engel Bros. (J. B. Engel, of counsel), for respondent.

BISCHOFF, J. There was acceptable evidence that the plaintiff crossed Broadway from west to east at Howard street, and was struck by the defendant's cab, which was being driven rapidly uptown between the east car track and the curb. The justice was also authorized to find from the testimony that there was nothing to obstruct the driver's view, and that he was apprised of the plaintiff's attempt to cross the street at a point where, with ordinary care, he could well have avoided the accident. The plaintiff does not seem

to have observed the approaching cab, but this was not necessarily negligence on his part; the proximate cause of the accident being the rapid pace of the vehicle and the failure to check its speed at a point where pedestrians were to be expected.

The doctor's bill being $41, and the plaintiff having suffered pain during a confinement to his bed for three weeks, the award of $300 damages cannot be said to be excessive.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting).   According to the testimony of the plaintiff he was not on the crossing at Broadway and Howard street, but below the crossing, so that, when he crossed Broadway from west to east in that neighborhood, he may not be said to have been where the driver of the defendant should have expected him to be. If "there was nothing to obstruct the driver's view, and he was apprised of the plaintiff's attempt to cross the street," the same may be said of the plaintiff, who testified that he looked, but did not see, the cab until it was upon him.   When the driver first saw the plaintiff, he was upon him; the driver testifying that he did not see the plaintiff until he stepped behind a south-bound car in front of his horses. The evidence is conflicting as to whether the car was south-bound or north-bound, but not conflicting that a car was there, which plaintiff allowed to pass before he attempted to cross at the point where he was knocked down.   If it was north-bound, as plaintiff testified, it is more than probable that it obscured his view, being immediately athwart his path.   The determination herein, to stand, must stand, if at all, upon an obligation on the part of the driver to exercise greater care than the plaintiff himself.   That, however, is not the law.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.